JACOB B. SHIOWITZ et al., Doing Business as N. AND S. NOVELTY MANUFACTURING Co., Plaintiffs, *v.* GEORGE H. FISHER, Individually and Doing Business as GEORGE H. FISHER & Co., et al., Defendants.

City Court of the City of New York, Special Term, New York County, September 30, 1946.

*M. S. Isaacs* and *I. S. Isaacs* for George H. Fisher, defendant.

*Louis Braun* for Peters Bros. Rubber Co., Inc., defendant.

*Max Seltzer* for plaintiffs.

SCHIMMEL, J. The question presented by this motion is whether this is a proper case for the application of section 213 of the Civil Practice Act.

Plaintiffs allege that they contracted to make for and sell to the defendant Fisher powder puffs and sifters. They are suing him for the price of these goods. That defendant has been claiming that the goods were defective, having an odor, and plaintiffs assert in this complaint that if the goods did have an odor, it was because of defective processing by defendant Peters Bros. Rubber Co., Inc. That concern, under a contract with plaintiffs, had glued or combined the materials that went into the making of the powder puffs and sifters. Plaintiffs say in this complaint that they are either entitled to the purchase price of the goods from the defendant Fisher or, if the goods were defective so that Fisher is not liable to them, then they are entitled to damages from defendant Peters Bros. Rubber Co., Inc., for the aforesaid improper processing.

The trouble with plaintiffs' position is that they are not seeking the same redress alternatively against the respective defendants. Their cause of action against the defendant Fisher is for goods sold; their cause of action against the corporate defendant is for breach of contract to perform properly the processing services which that defendant had contracted with plaintiffs to perform. Thus there is not only no relationship of any kind between the two defendants sought to be held alternatively liable — such relationship is not always necessary — but there is no relationship between the respective causes of action. The two defendants are not liable in the alternative for the same thing; the alleged liability of defendant Fisher differs in kind or nature from the alleged liability of the defendant Peters Bros. Rubber Co., Inc. Also, although recovery in the same amount is sought against both defendants, it is extremely unlikely that recovery would be the same against one defendant as against the other. The measure of damages would be as different as are the causes of action.

In short, the redress which plaintiffs seek against one of the defendants is so different from the redress which they seek against the other defendant that it cannot be fairly said that this is a case in which a plaintiff " is in doubt as to the person

from whom he is entitled to redress". The statute, I think, applies to situations in which the same, similar or related redress is sought against each of the defendants alleged to be alternatively liable. The proper application of the statute is probably a matter of degree, but I do not think that it should be extended to the present case.

Apart from section 213, a pleading so hypothetical as this may not be allowed to stand. I do not determine whether common questions would justify a joinder of defendants in one action. That question is not before me, as there is here no motion to dismiss for improper joinder of parties.

The respective motions of each of the defendants to dismiss the complaint for insufficiency on its face are granted with leave to plaintiffs to serve an amended complaint within ten days.